**NOT FOR PUBLICATION**                                              **CLOSED**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| HASSAN LAHHAM, | : : : | Civil Action No. 13-6084 (JAP) |
| Plaintiff, | : : | |
| v. | : : | **MEMORANDUM AND ORDER** |
| MONMOUTH COUNTY CORRECTION INSTITUTE, et al., | : : : : | |
| Defendants. | : : | |

**IT APPEARING THAT:**

1. This matter was previously administratively terminated because Plaintiff failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.

2. Plaintiff then submitted a renewed *in forma pauperis* application, however, the new filing did not comply with 28 U.S.C. § 1915(a)(1), (2). Specifically, although Plaintiff did provide a certified account statement, the account statement provided account information for the dates of October 8, 2013 until November 2, 2013. 28 U.S.C. § 1915(a)(2) requires that a Plaintiff applying for *in forma pauperis* status must provide an account statement for the six-month period immediately preceding the filing of his complaint. Thus, Plaintiff's second application for *in forma pauperis* status was denied.

3. Plaintiff thereafter filed a motion for reconsideration and a renewed application for *in forma pauperis* status. [ECF No. 5] In his motion, he stated that he has only been

incarcerated since August of 2013. The documents attached to the motion provide account information for the time period of August 2013 until October 2013 (the time of filing of the complaint). However, the application was insufficient because the account information was not certified by an official of the institution at which he is incarcerated.[1] Plaintiff's Motion for Reconsideration [ECF No. 5] and his renewed application for *in forma pauperis* status were denied.

4. Plaintiff has now filed a Motion for Further Reconsideration [ECF No. 9] in which he once again seeks to proceed without prepayment, yet fails to comply with the requirements of 28 U.S.C. § 1915(a)(1), (2). Plaintiff attaches an account statement which is not certified by a prison official and does not include the six-month time period prior to filing of the complaint.[2]

5. Plaintiff's Motion for Further Reconsideration [ECF No. 9] and renewed application for *in forma pauperis* status will be denied. Should Plaintiff wish to reopen the matter he must submit an account statement certified by a prison official for the six-month time period immediately preceding filing of the complaint. If Plaintiff asserts that he was not incarcerated for that full time period, he must provide an affidavit to the Court to indicate the exact dates of his prior incarceration, release, and subsequent incarceration. Even if Plaintiff submits such an affidavit, he must still provide a certified account statement for the appropriate time period.

**THEREFORE**, it is on this 30th day of April, 2014;

---

[1] The prisoner must submit a copy of his inmate trust fund account statement certified by an appropriate official of each prison at which he was or is confined. 28 U.S.C. § 1915(a)(2).
[2] Plaintiff's complaint alleges facts indicating that he has been incarcerated since at least June of 2012.

**ORDERED** that the Clerk of the Court shall reopen the matter by making a new and separate entry on the docket; and it is further

**ORDERED** that Plaintiff's Motion for Reconsideration [ECF No. 9] is hereby DENIED, without prejudice; and it is further

**ORDERED** that Plaintiff's fourth request to proceed *in forma pauperis* is hereby DENIED, without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; and it is finally

**ORDERED** that the Clerk of the Court shall close the file in this matter.

                                        __/s/ Joel A. Pisano_____
                                        JOEL A. PISANO
                                        United States District Judge